UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| POLK AUDIO, INC.<br>        Plaintiff<br><br>v.<br><br>SMILE PHOTO CORP., ET AL.<br>        Defendants | Case No.: WMN-00-CV-2761 |

### ORDER FOR INJUNCTIVE RELIEF

Plaintiff Polk Audio, Inc. ("Polk Audio") having filed a Complaint seeking damages, injunctive, and other relief against Defendants, Smile Photo Corporation ("Smile Photo") and Bob Englander, individually (collectively referred to hereinafter, unless otherwise noted, as "Defendants") and Defendants having not answered Polk Audio's Complaint, it is hereby ORDERED, ADJUDGED, AND DECREED, pursuant to Rule 55(a), as follows:

1. Commencing with the date of entry of this Order, Defendant Smile Photo, its officers, employees, while employed by Smile Photo, and its successors and assigns, and Defendant Englander, in his individual capacity as an officer, owner, employee and/or agent of Defendant Smile Photo, and each and every corporation, partnership, or other entity in the business of purchasing, selling and/or advertising audio products which has notice of this Order and in which any Defendant holds at least a five percent (5%) interest; and each and every corporation, partnership, or other entity in which Defendant Englander is a director, officer, or employee with managerial responsibilities for purchasing, selling, or advertising audio products; and any



individual who has notice of this Order and who acts in concert or participation with or under the direction of any Defendant in the purchasing, selling, and/or advertising of audio products shall permanently cease, desist and refrain from:

    a) buying for resale or selling any product manufactured or, to their knowledge, distributed by Polk Audio;

    b) advertising, promoting, or displaying any product manufactured or, to their knowledge, distributed by Polk Audio;

    c) maintaining any inventory of any product manufactured or, to their knowledge, distributed by Polk Audio;

    d) removing, defacing, destroying, or otherwise making illegible the original serial number placed on any product manufactured or, to their knowledge distributed by Polk Audio; and

    e) removing, defacing, destroying, or otherwise making illegible the original printed warranted which accompanies any product manufactured or to their knowledge, distributed by Polk Audio.

Provided, however, that subparagraphs a) through c) immediately above shall not apply in the event that Defendant Smile Photo or Englander or any other corporation, partnership, entity or individual referenced immediately above is an authorized Polk Audio dealer under a dealer agreement with Polk Audio or an authorized Polk Audio distributor.

2.    Defendant Smile Photo shall provide a copy of this Order to each of its officers, successors and assigns, and to each of its current and future employees who has the responsibility for purchasing, selling, and/or advertising audio products. The Defendants shall provide a copy of this Order to any corporation, partnership or other entity in the business of

Balt2:447850:1:10/31/00
19622-52

purchasing, selling, and/or advertising audio products in which any Defendant at any time holds at least a five percent (5%) interest, and to any individual who at any time is acting in concert or participation with or under the direction of any Defendant in the purchasing, selling, and/or advertising of audio products. Defendant Englander shall provide a copy of this Order to any corporation, partnership, or other entity in which he becomes an officer, director, or employee with responsibility for purchasing, selling, and/or advertising audio products.

3. In the event Polk Audio believes Defendant(s) or other persons or entities subject to paragraph 2 above have violated this Order, Plaintiff shall provide written notice to Defendant(s) of the conduct that Plaintiff believes is in violation of this Order. If Defendant(s) have not ceased such conduct within fourteen (14) days of receipt of the written notice, Plaintiff may make a Motion to hold Defendant(s) or such other person(s) or entity(ies) in Contempt of Court. Said Motion may include, but shall not be limited to, an application for reasonable costs, fees, and disbursements incurred by Polk Audio with respect to investigating the Contempt and making and prosecuting the Motion, to be awarded by the Court if Defendant(s) are ultimately determined to have been in Contempt of Court.

4. The provisions of this Order notwithstanding, Defendants or any of them may purchase or sell stock, bonds, or other securities of a publicly traded corporation which is not an authorized Polk Audio dealer but which purchases Polk Audio products from an authorized Polk Audio deal, or which otherwise sells or advertises such products, provided that Defendants or any of them are not officers, directors or employees of such corporation, and provided further that Defendants' ownership interest does not exceed five percent (5%) of the publicly traded shares of said corporation.

Balt2:447850:1:10/31/00
19622-52

5. Within fourteen (14) days of the entry of this Order, Defendants by Bob Englander, shall (a) provide Polk Audio with an Affidavit, under oath, setting forth the source(s) (by name, address, phone and fax number), quantity, and prices of all Polk Audio products purchased by Defendant(s) for purposes of resale and/or display for resale purposes and (b) deliver to Polk Audio all documents (purchase orders, sales slips, invoices, and the like) related thereto.

6. Default judgment is hereby entered against Defendants.

Dated: Baltimore, Maryland
November __9__, 2000

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE